FRANCISCO MÚJICA DUEÑO, Plaintiff and Appellee, v. CASIMIRO MÁRQUEZ DÍAZ ET AL., Defendants and Appellants.

No. 5079. Argued April 24, 1930.—Decided December 10, 1930.

*González Fagundo & González Jr.,* for appellants.  *C. García de la Noceda* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

Francisco Mújica brought a suit against Casimiro Márquez and Fernando López to recover the sum of one thousand dollars which they had bound themselves to pay to him on a promissory note, subscribed by the former as principal and by the latter as solidary surety and principal obligor. The complaint contains the proper allegations and a transcription of the note sued on.

The defendants answered and admitted the existence of the obligation, but pleaded by way of special defense the following:

"That on or about August 28, 1926, defendants Casimiro Márquez, as principal, and Fernando López, as surety, subscribed and delivered to the plaintiff the promissory note copied in the second paragraph of 'the complaint, and subsequently, but on the same day, Casimiro Márquez, as principal, subscribed and delivered to the plaintiff Francisco Mújica Dueño another promissory note for $2,000, both sums amounting to $3,000, and on September 15, 1927, the plaintiff, who had in his possession 1470 pounds of leaf-tobacco belonging to Casimiro Márquez, bought it for $2,633.63, which he credited on account of the two aforesaid promisory notes, Márquez still owing the sum of $377 of the second promissory note."

Upon the issue thus joined, the case went to trial, at which the parties introduced their evidence. The court found against the defendants, who were adjudged to pay the sum of one thousand dollars claimed, but the plaintiff was directed to credit the sum of $533.63, as the balance owing to the defendant, Márquez, from the $2,633.63, the proceeds of the tobacco delivered to the plaintiff, all without special imposition of costs.

Thereupon the defendants took the present appeal. They have assigned as an only error the alleged improper application of sections 1140, 1141, and 1142 of the Revised Civil Code.

The evidence showed the existence not only of the two promissory notes mentioned in the complaint, but also of another for one thousand dollars jointly subscribed by the defendants and by Avelino Márquez. The disagreement between the parties arose and subsists regarding the application of the sum of $2,633.63 to the payment of the debt, evidenced, as has been stated, by three separate instruments.

The $1,000 promissory note sued on appears to have been signed by both defendants: Márquez as principal, and López as solidary surety and principal obligor. It was made on August 28, 1926, to mature on May 30, 1927, bearing interest at 12 per cent annually.

The other promissory note for one thousand dollars appears subscribed by defendants Márquez and López, and also by Avelino Márquez, jointly. It was made on November 1, 1926, to mature on May 15, 1927, bearing interest at 12 per cent annually. At the time of the trial it had been partially paid, and it can not be determined from the evidence how much of it was still unpaid.

The third promissory note, namely, that for $2,000, appears to be subscribed only by the defendant, Márquez. It was executed on August 28, 1926, to mature on April 30, 1927, bearing interest at 12 per cent annually.

The liquidation of the tobacco delivered by the defendant, Márquez, to the plaintiff is set forth in an instrument dated September 15, 1927. It yielded the sum of $2,633.63 in favor of the defendant, Márquez.

There is no dispute as to the foregoing facts. In weighing the evidence relating to the controverted facts—and correctly so in our opinion—the trial judge expressed himself as follows:

"The evidence in regard to the application of payment made by the debtor is wholly contradictory, because, although there appears from the record a letter, written by the debtor to the creditor specifying the obligation to which the payment should be applied, said letter is dated October 8, or subsequent to the filing of the complaint, and it is therein stated that the note sued on and secured by Fernando López is the one which matured first, which is not true, as appears from the notes themselves; nor has it been shown to our satisfaction that the debtor verbally indicated to the creditor to which obligation or obligations he wished the payment to be applied."

Under these circumstances, the judge concluded that no application lay of section 1140 of the Civil Code, which reads as follows:

"Sec. 1140.—A person having several debts of the same kind in favor of a single creditor may declare, at the time of making a payment, to which of them it is to be applied.

"If the debtor should accept a receipt from the creditor, setting

forth the application of the payment, he can not make a claim against it, unless there should be some cause which may invalidate the contract.''

He held that the case was governed by the first paragraph of section 1142, which provides that—

''When the payment can not be applied according to the preceding rules the debt which is most onerous for the debtor among those which may be due shall be considered as the one paid.''

This having been elucidated, the judge concluded that the most onerous obligation was that for $2,000, ''by reason of its larger amount and larger payment for interest.'' He further concluded that it was entitled to preference over the others as having matured first.

In regard to the notes with a face value of one thousand dollars, he held that the most onerous one was that sued on, as it was subscribed by Márquez only and secured by López, whereas the other instrument was subscribed jointly by Márquez and two other persons.

Based on all the foregoing, he rendered the judgment above mentioned and directed the application of the $2,633.63 to the payment in full of the obligation for two thousand dollars and interest, and the remaining balance to the payment of the promissory note for one thousand dollars sued on.

We fully agree with the finding of the trial judge that the debtor did not declare at the time of making the payment to which of the notes such payment should be applied. We disagree as to the applicability of the first paragraph of section 1142.

We have studied the notes, and the interest stipulated is the same in all of them. The three notes had matured when the liquidation was made. The note sued on and that relied on in the answer are identical; in both of them Márquez is the principal debtor. The one introduced in evidence is only a joint obligation and the amount thereof outstanding can not be exactly determined. It should be disregarded.

594

Confining the case to the two obligations of the same character and burden, it is governed by the second paragraph of said section 1142, which says:

"If the latter should have the same nature and charges the payment shall be applied to all *pro rata.*"

The debtor attempted to show that pursuant to the privilege granted him by law he stated, at the time of making the payment, that said payment should be applied to the note sued on. On the other hand, the creditor maintains that he gave a receipt setting forth the application of the money received from Márquez to the other two notes, leaving the note sued on here in full force and effect. Neither of these contentions was satisfactorily proved, and the case stood as if neither the debtor nor the creditor had clearly and definitely made an application of the payment at the proper time; a situation in which the legislator intervenes and commands that the payment be applied *pro rata.*

The judgment must be reversed and another rendered instead directing that the $2,633.63 be ratably appropriated toward the payment of the note for one thousand dollars sued on, with interest thereon, and of the other note for two thousand dollars executed by the defendant, Márquez, in favor of the plaintiff Mújica, together with interest thereon. Each party shall pay his own costs.